```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :     ORDER DENYING REQUESTS
         -against-                :
                                  :
VERNITA NUEY,                     :     S1  04 Cr. 479  (AKH)
                                  :
              Defendant.          :
-------------------------------------------------------x
```

Defendant Vernita Nuey moves for various items of relief, itemized below. The motions follow an order of the Honorable Laura Taylor Swain dated September 9, 2005, acting as Part I judge. Judge Swain has transferred the motions to me as the judge who presided over Defendant's trial.

Defendant was tried before a court and jury for three counts of education loan fraud, 20 U.S.C. § 1097(a), and one count of bank fraud, 18 U.S.C. §§ 2, 20, 1344. On February 24, 2005, the jury delivered a verdict of guilty on all four counts. On August 2, 2005, I sentenced Defendant to thirty months of custodial punishment followed by three years of supervised release and restitution in the amount of $178,789. I ordered Defendant to surrender at the place designated for her detention on September 30, 2005.

Defendant now moves for the following post-sentencing relief: (1) release on bail pending her appeal and a stay of her sentence; (2) an order correcting the trial transcript; (3) an order directing the Pro Se Office of the United States District Court for the Southern District of New York to correct alleged mistakes in the case's Docket Sheet; (4) an order holding attorney Richard Strassberg in contempt of court; and (5) an order keeping attorneys Richard Strassberg and James Gatta off the case while Defendant files a motion in the United States Court of Appeals for the Second Circuit to release them from the case.

1

My rulings appear below, following each part of Defendant's motion.

1. Defendant's surrender date is hereby postponed from September 30, 2005 to October 30, 2005, without prejudice to a later application for another enlargement upon a showing of good cause. Defendant is not entitled to bail, as I held immediately following the jury's verdict. Her record of cheating, dishonesty and fraud, amply proved at trial and found by the jury, disables her from overcoming the presumption of the Bail Reform Act of 1984, codified at 18 U.S.C. § 3143. She is, however, entitled to perfect her appeal, and her difficulties in working with counsel make it necessary for her to remain at liberty to be able to work on her appeal. The 30-day enlargement that I grant should enable her to clarify who will be acting as her counsel, and to brief her counsel fully. I will not be disposed to postpone the surrender date again unless Defendant truly presents good cause.

2. Defendant does not specify the errors in the trial transcript making it inaccurate. The District judge has the responsibility to certify the trial transcript. Fed. R. App. P. 10(e)(1). Until Defendant specifies the alleged errors, I cannot rule on her assertions. Accordingly, this part of her motion is denied, with leave to renew citing specified errors and reasons.

3. Defendant fails to specify what items are missing from the court records. Defendant made repeated pro se motions, often covering the same grounds, with multiple copies of each motion being sent to chambers. My indorsed orders on those motions were all filed. Defendant has leave, within ten further days, to specify what items are missing from the court records, and to supply such missing items.

4. The motion to hold attorney Richard Strassberg in contempt is denied. Strassberg was the third lawyer to serve Defendant. None was satisfactory to her. I

denied her application to appoint a fourth lawyer and gave her an option: allow Strassberg to continue to act as her lawyer; or continue pro se. I told her that I knew Strassberg to be a good and experienced criminal defense lawyer, and that she was entitled to competent legal defense, but not necessarily the lawyer of her choice. Strickland v. Washington, 466 U.S. 668 (1984). Defendant chose to proceed pro se. I ordered Strassberg to serve as her stand-by lawyer, to be available to her for advice when and if she asked for his advice, but not to represent her in courtroom activities, and that is how the trial proceeded. I authorized Strassberg to submit vouchers for CJA payment in connection with his role as stand-by lawyer for Defendant. It was clear to me that Strassberg made himself available to Defendant on her call. It also was clear how difficult that relationship proved to be. Upon the conclusion of sentencing, I relieved Strassberg as stand-by counsel, and advised Defendant to apply to the Court of Appeals to appoint new counsel for her appeal. As to Defendant's complaints of Strassberg being unavailable, Strassberg could rely upon my order relieving him. Furthermore, Strassberg could properly read provision two in Form A to not apply to him, given that he was not trial counsel, but only stand-by counsel. Finally, the notice from the Court of Appeals to this effect was similarly unclear for the same reason and also in relationship to my order relieving Strassberg. For these reasons, I deny Defendant's motion to hold Strassberg in contempt of court. Strassberg and Defendant should seek definitive resolution of the issue from the Court of Appeals, per Local Rule 4(b) of the Court of Appeals of the Second Circuit. U.S.C.S. Ct. App. 2d Cir. Local R. 4(b) (2005).

    5. The motion to order attorneys Strassberg and James Gatta off the case is denied as moot. As to Defendant's criticism of the use of Gratta as an associate, it is common practice in large law firms for partners to seek assistance from their colleagues

as long as the appointed counsel continues to supervise the case. Moreover, Defendant can not control the provision of legal services as long as the provision of those services is satisfactory and falls within the Code of Professional Responsibility.

For these reasons, Defendant's motions are denied.

SO ORDERED.

Dated: New York, New York
September 23, 2005

ALVIN K. HELLERSTEIN
United States District Judge