```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VERNITA NUEY,                                   :
                                                :
                    Petitioner,                 :
                                                :       ORDER REGULATING
            -against-                           :       FILING
                                                :
UNITED STATES OF AMERICA,                       :       06 Civ. 4367    (AKH)
                                                :       04 Cr. 0479     (AKH)
                    Respondent.                 :
-------------------------------------------------------x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner's Motion for Extension of Time, filed in the United States District Court, Eastern District of Pennsylvania on June 29, 2006, has been transferred to this Court, and thence to me as the Judge who presided over her criminal trial and sentencing. Previously, her Petition for Review pursuant to 28 U.S.C. 2255 was transferred to this Court, and thence to me (without, as of this date, the physical file).

      Petitioner Nuey, by her motion, asks for an extension of time to reinstate eight petitions for a writ of habeas corpus that she claims to have in February 2006. Her motion is incomprehensible. It is hand-written in closely-packed script, page end to page end, top to bottom and side to side. Her motion is denied without prejudice for its incomprehensibility. See, e.g., Simmons II v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir.1995); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972); Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *12 (S.D.N.Y. June 30, 1999); Pointer v. Villane, No. 90 Civ. 2979 (RWS), 1991 WL 60346, at *3 (S.D.N.Y. Apr. 12, 1991); Kampe v. Lefkowitz, No, 90 Civ. 6491 (RWS), 1990 WL 170335, at *2 (S.D.N.Y. Nov. 1, 1990).

      In the event of any re-filing, Petitioner is cautioned that her claim for relief must be "a short and plain statement of the grounds upon which the court's jurisdiction depends," and "a short and plain statement of the claim showing that the pleader is

1

entitled to relief . . . [that] the pleader seeks." Fed. R. Civ. P. 8. The Petitioner, a prisoner in custody claiming the right to be released, must set out the grounds by which she believes that her sentence "was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and that therefore her sentence should be vacated, set aside or corrected. 28 U.S.C. § 2255 (2000).

The petition must be filed in the court which sentenced petitioner. Id. The transfer to this court by the United States District Court, Eastern District of Pennsylvania, satisfies that rule.

There are additional requirements set out in Section 2255 which petitioner must satisfy. A second or successive petition may not be filed unless certified as appropriate under the law by a panel of the United States Court of Appeals as relating to either newly discovered evidence clearly and convincingly disconfirming guilt, or a newly available rule of constitutional law that is applicable retroactively. Id.

Accordingly, petitioner's motion for an extension with regard to eight other petitions for the writ of habeas corpus is denied, absent a showing as to which one of the eight, or the instant one, is the petition on which petitioner wishes to rely.

SO ORDERED.

Dated: New York, New York
October 4, 2006

ALVIN K. HELLERSTEIN
United States District Judge

2