UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
VERNITA NUEY,                                  :
                                               :   **ORDER REGULATING**
              Petitioner,   :   **FILING AND DISMISSING**
                                               :   **PETITION WITHOUT**
   -against-                                 :   **PREJUDICE**
                                               :
THE UNITED STATES OF AMERICA,                  :   06 Civ. 4367 (AKH)
                                               :
             Respondent.   :
                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      By my Order of October 5, 2006, I denied without prejudice petitioner's request for an extension of time to reinstate eight petitions for a writ of habeas corpus, absent some indication as to which of those eight, or the instant petition is the petition upon which petitioner wishes to rely.  By letter of January 25, 2007, petitioner addressed to the Court a Federal Bureau of Prisons Inmate Request, in which she complained of her classification within the Board of Prisons, as well as the conditions of her confinement and the predicate Pre-Sentencing Investigation Report itself.

      A challenge to the execution of a sentence is properly filed pursuant 28 U.S.C. § 2241, while a challenge to the imposition of a sentence is properly filed pursuant to 28 U.S.C. § 2255.  E.g., Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006). Execution of a sentence encompasses matters such as computation of the sentence, type of detention, and prison conditions, id., and to the extent that the petitioner seeks to challenge such matters—rather than the oral pronouncement of the sentence itself, see Joost v. Apker, No. 05 Civ. 8231(JGK) 2007 WL 148729, at * 4-6 (S.D.N.Y. Jan. 19, 2007), she must file a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the

1

district of her confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446 (2004); Hernandez v. United States, No. 05 Civ. 1812 (LAK), 2005 WL 888165, at * 1, (S.D.N.Y. Apr. 15, 2005).

With respect to the petitioner's instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, the petition is dismissed without prejudice. Petitioner's direct appeal is currently pending before the Second Circuit Court of Appeals (No. 05 Cr. 4684), and "absent extraordinary circumstances," a district court will not entertain a petition for habeas corpus pursuant to 28 U.S.C. § 2255 during the pendency of the direct appeal. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Advisory Committee Notes; United States v. Grullon, No. 96 Cr. 466 (JFK), 1997 WL 739082, at * 1 (S.D.N.Y. Nov. 25, 1997). Accordingly, the petition for a writ of habeas corpus is dismissed as premature.

Finally, the Court alerts petitioner to Rule 2(b)(4) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires the petition and motions to "be printed, typewritten, or legibly handwritten," in the event that petitioner files a petition for habeas corpus at the appropriate time and in the appropriate district.

SO ORDERED.

Dated: New York, New York
February 9, 2007

ALVIN K. HELLERSTEIN
United States District Judge